IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HARRY ESSER | CIVIL ACTION |
| Plaintiff, | NO. 11-376 |
| v. : | |
| TAMMY EVANS<br>AND SUPERVISOR | |
| Defendants | |

**OPINION**

**Slomsky, J.**                                               **April 21, 2011**

**1.    INTRODUCTION**

Plaintiff Robert Harry Esser, proceeding pro se, has filed an Application to proceed in *forma pauperis* (Doc. No. 2) and a Complaint (Doc. No. 1). Plaintiffs Complaint is difficult to decipher because of his misuse of grammar and sentence structure. As best as this Court can determine, Plaintiff has brought a claim against Tammy Evans, an employee of Wachovia Bank in Kingston, Pennsylvania (the "Bank"), and Evans's unnamed supervisor at the Bank, for violating Plaintiffs civil rights.[1] Plaintiff alleges that Defendant Evans and Defendant "Supervisor" refused to give Plaintiff money from his bank account.

According to Plaintiff, in October of 2010, Defendant Evans told Plaintiff that she would not give him his money and instructed him to go to the "driver's test center" to obtain an

---

[1] The caption of the Complaint does not include the unnamed supervisor as a defendant. In the body of the Complaint Plaintiff indicates that the supervisor is a defendant. Plaintiff did include the supervisor as a defendant in the caption of his objection to the Report and Recommendation of the U.S. Magistrate Judge. (Doc. No. 5).

identification with his photograph. Plaintiff was unable to obtain the identification. At some point thereafter, Plaintiff returned to the Bank and, despite not having the photographic identification, Defendant Supervisor instructed Defendant Evans to give Plaintiff his money. In the weeks that followed, Plaintiff had no difficulty withdrawing money from the Bank.

On January 26, 2011, Plaintiff again encountered trouble making withdrawals. Apparently, at that time Defendant Supervisor suggested that Plaintiff establish a four-digit number to facilitate future withdrawals. In any event, on February 1, 2011, Plaintiff was able to withdraw money from the Bank without a photographic identification or the four-digit number.

Based on these limited facts, Plaintiff alleges that Defendants violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. He also alleges harassment, invasion of privacy, and intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages.

On March 2, 2011, United States Magistrate Judge J. Andrew Smyser granted Plaintiffs petition to proceed *in forma pauperis* (Doc. No. 3) and issued a Report recommending that Plaintiffs Complaint be dismissed for lack of subject-matter jurisdiction (Doc. No. 4). In response, Plaintiff filed an objection (Doc. No. 5).

The Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For reasons that follow, the Court will approve and adopt the Report and Recommendation and will dismiss Plaintiffs Complaint.

## II. PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION

### A. The Report and Recommendation

Magistrate Judge Smyser found that Plaintiff did not allege facts from which it reasonably could be inferred that the Court had federal question jurisdiction over Plaintiffs claim and recommended that the Complaint be dismissed for lack of subject matter jurisdiction. (Doc. No. 5 at 3). Further, Magistrate Judge Smyser found that Plaintiff had not established subject matter jurisdiction pursuant to diversity of citizenship nor had he established a violation of 42 U.S.C. § 1985[2] to support jurisdiction pursuant to 28 U.S.C. § 1343.'

Plaintiff objects to the Report and Recommendation on the grounds that he has sufficiently alleged that Defendants were acting under color of state law and he has established a

---

[2]      Section 1985 governs claims involving a conspiracy to interfere with civil rights.

[3]      This statute provides that federal district courts have jurisdiction over certain civil rights claims. Specifically, 28 U.S.C. § 1343 provides in relevant part:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

federal question.[4] (Doc. No. 5 at 1). According to Plaintiff, by alleging that Defendants were employees of the Bank, he has demonstrated that Defendants were acting under color of state law. (Id.)

B.   Analysis

As Magistrate Judge Smyser explained in the Report and Recommendation, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs sole objection to the Report and Recommendation is that he has established jurisdiction by raising a federal question. The court has subject-matter jurisdiction over, among others, "civil actions arising under the Constitution, laws, or treaties of the United States." 18 U.S.C. § 1331. A properly pled claim alleging a violation of constitutional rights brought pursuant 42 U.S.C. § 1983 would establish federal question jurisdiction. Section 1983 "imposes civil liability upon any person who, acting under color of state law, deprives another individual of any rights, privileges or immunities secured by the Constitution or laws of the United States." Shuman v. Penn Manor School Dist., 422 F. 3d 141, 146 (3d Cir. 2005). To establish such a claim, a plaintiff must plead "a deprivation of a constitutional right, and that the deprivation was caused by a person acting under color of state law." Phillips v. County of Allegheny, 515 F. 3d

---

[4]   Plaintiff does not challenge Magistrate Judge Smyser's finding that Plaintiff has not established jurisdiction based on diversity of citizenship or under 28 U.S.C. § 1343.

224 (3d Cir. 2008).

Here, Plaintiff claims that his allegation that Defendants were employees of the Bank are sufficient to establish that Defendants were acting under color of state law. Merely being an employee of the Bank does not establish that Defendants were acting under color of state law nor does it create an inference that Defendants were acting under color of state law. Courts in the Third Circuit have explicitly rejected the notion that private banks are state actors. See Awala v. Wachovia Mortgage Corp., 156 Fed. App'x 527 (3d Cir. 2005) (finding that banks are not state actors even though they are a regulated industry and trade in government bonds); see also Bailey v. Harleysville Nat'l Bank & Trust Co., No. 04-1541, 2005 WL 2012024, at *4 (E.D. Pa. Aug. 22, 2005). This position is consistent with the position of other circuits. See e.g., United States v. Garlock, 19 F. 3d 441, 443 (8th Cir. 1994) (finding private bank is not a state actor despite heavy federal regulation); Andrews v. Federal Home Loan Bank of Atlanta, 998 F. 2d 214, 216-17 (4th Cir. 1993) (finding federal bank not a state actor even though organized under federal charter and regulated by federal government). Therefore, Plaintiff has not pled a federal question and has not established that this Court has subject-matter jurisdiction over his claim.

V. **CONCLUSION**

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation of Magistrate Judge J. Andrew Smyser (Doc. No. 4) and dismiss the Complaint with prejudice (Doc. No. 1).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT HARRY ESSER        CIVIL ACTION

    Plaintiff,                 NO. 11-376

v.

TAMMY EVANS
AND SUPERVISOR

    Defendants

## ORDER

AND NOW, this 21st day of April 2011, upon consideration of the Complaint filed by Plaintiff Robert Harry Esser (Doc. No. 1), the Report and Recommendation filed by United States Magistrate Judge J. Andrew Smyser (Doc. No. 4), the Objection to the Report and Recommendation filed by Plaintiff (Doc. No. 5), and the Response to Plaintiffs Objection filed by Defendant Tammy Evans (Doc. No. 6), it is ORDERED as follows:

1. The Report and Recommendation of Magistrate Judge J. Andrew Smyser is APPROVED and ADOPTED.

2. Plaintiffs Complaint (Doc. No. 1) shall be DISMISSED.

3. All outstanding motions are DENIED as moot.

4. The Clerk's Office shall close this case.

                                       BY THE COURT:

                                       /s/ Joel Slomsky
                                       JOEL H. SLOMSKY, J.